UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| CATHY RADFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:05-cv-0254-SEB-VSS |
| | ) | |
| JO ANN B. BARNHART, Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Complaint for Judicial Review**

Cathy Radford ("Radford") seeks judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under the Social Security Act (the "Act"), 42 U.S.C. § 301, *et seq.*

For the reasons explained in this Entry, the Commissioner's decision must be **affirmed.**

**I. Background**

Radford filed an application for DIB and SSI on April 10, 2002, alleging disability since March 14, 2002, due to ankylosing spondylitis, rheumatoid arthritis, fibromyalgia, ankle surgery, knee surgery, and low back problems. Her application was denied initially and upon reconsideration. Her request for a hearing before an Administrative Law Judge ("ALJ") was granted, and such hearing was conducted on February 24, 2004. Radford was present, accompanied by her attorney. Medical and other records were introduced into evidence, and Radford and a vocational expert testified at the hearing. The ALJ issued a decision on April 29, 2004, denying benefits. On January 4, 2005, the Appeals Council denied Radford's request for review, making the ALJ's decision final, *see Luna v. Shalala*, 22 F.3d 687, 689 (7th Cir. 1994), and this action for judicial review of the ALJ's decision followed.  The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . in [a] district court of the United States."

The ALJ's decision included the following findings: (1) Radford had not engaged in substantial gainful activity since March 14, 2002; (2) the medical evidence established that Radford had a severe combination of impairments limiting her ability to perform basic work-related activities, these impairments including degenerative disc disease with developmental fusion of her spine, ankylosing spondylitis, and carpel tunnel syndrome; (3) Radford did not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4; (4) Radford was a partially credible witness; (5) Radford had the residual functional capacity ("RFC") to perform the physical exertion requirements of light exertional work, subject to certain restrictions; (6) Radford had the ability to perform her past relevant work as a transcription specialist; and (7) alternatively, and given her age (36 years old, classified as a younger individual), education (high school), past job experience and remaining functional capacity, Radford could perform a significant number of other jobs in the economy. With these findings in hand, and through the application of applicable rules, the ALJ concluded that Radford had not been under a "disability" as defined in the Act at any time through the date of the ALJ's decision.

## II. Discussion

### A. Applicable Law

To be eligible for DIB or SSI, a claimant must prove she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). To establish disability, the plaintiff is required to present medical evidence of an impairment that results "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms." 20 C.F.R. § 416.908.

A five-step inquiry outlined in Social Security regulations is used to determine disability status. *Butera v. Apfel,* 173 F.3d 1049, 1054 (7th Cir. 1999).

> In order to determine whether an individual is entitled to disability insurance benefits, the ALJ must engage in a sequential five-step process which establishes whether or not the claimant is disabled. The claimant must show that: (1) he is not presently employed; (2) his impairment is severe; (3) his impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) he is not able to perform his past relevant work; and (5) he is unable to perform any other work within the national and local economy. *Stevenson v. Chater*, 105 F.3d 1151, 1154 (7th Cir.1997); 20 C.F.R. § 416.920.

*Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

The task a court faces in a case such as this is not to attempt a *de novo* determination of the plaintiff's entitlement to benefits, but to decide if the Commissioner's decision was supported by substantial evidence and otherwise is free of legal error. *Kendrick v. Shalala,* 998 F.2d 455, 458 (7th Cir. 1993). The decision of an ALJ will be upheld if the correct legal standard was applied and the decision is supported by substantial evidence. *Steele v. Barnhart,* 290 F.3d 936, 940 (7th Cir. 2002) "Substantial evidence" has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB,* 305 U.S. 197, 229 (1938)).

The contentions in this case regarding review at this point are that (1) the ALJ failed to appropriately weigh Radford's treating physician opinion as required by 20 C.F.R. 404.1527(d), and (2) the ALJ failed to engage in a credibility analysis as mandated by Social Security Ruling 96-7p.

### B. Analysis

Radford's first contention is that the ALJ failed to appropriately weigh the opinion of her treating physician, Dr. Pai.

The ALJ, however, recognized that a claimant is not disabled just because her treating doctor says so. *Dixon v. Massanari,* 270 F.3d 1171, 1177 (7th Cir. 2001). Treating doctors' views control only when "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(d)(2); *see also White v. Barnhart,* 415 F.3d 654, 658 (7th Cir. 2005). Although it is true that if an ALJ decides to reject medical evidence offered by a treating physician, he must provide good reasons for his decision, *see Scivally v. Sullivan*, 966 F.2d 1070, 1076 (7th Cir. 1992) ("The ALJ must minimally articulate his reasons for crediting or rejecting evidence of disability."), that reason was provided in this case.

The ALJ acknowledged Dr. Pai's opinion regarding Radford's limitations. That assessment is found on pages 240-43 of the administrative record. The ALJ did not give it "controlling weight" because he found that it "is not consistent with the observations of the consultative examiner and the reports of the treating physician [himself] through at least February 2003." The ALJ specifically found no support for Dr. Pai's views that (a) Radford's ankylosing spondylitis prevented her from lifting and carrying less than ten (10) pounds, and (b) Radford had reaching, handling, fingering, and feeling limitations.

The ALJ's analysis of Dr. Pai's opinion is supported by substantial evidence, and the ALJ's explanation for why he did not give it full credit was reasonable. The court must decline any invitation to resolve conflicts in or reweigh the evidence. *Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) ("We cannot substitute our own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled.").

Radford's second contention is that the ALJ committed error by failing to follow Social Security Ruling 96-7p, which requires the ALJ to evaluate a claimant's credibility in light of medical evidence, opinions of medical sources, and other statements by the claimant and her physicians. She argues that the ALJ did not substantiate his credibility determination with references to medical evidence in the record, and instead selectively relied on insignificant or medically reasonable inconsistencies between her testimony regarding daily activities and her inability to return to work.

Credibility determinations by an ALJ are afforded "special deference" because of the ALJ's unique ability to observe and evaluate testimony. *Powers v. Apfel,* 207 F.3d 431, 435 (7th Cir. 2000) (citations omitted). However, an ALJ's decision must be sufficiently specific to enable meaningful judicial review, *Brindisi v. Barnhart,* 315 F.3d 783, 787 (7th Cir. 2003), and must not be "patently wrong." *Herr v. Sullivan,* 912 F.2d 178, 181 (7th Cir. 1990).

The ALJ correctly reviewed the medical evidence in the record and testimony to reach the conclusion that Radford was only partially credible. He found Radford partially credible regarding her pain, other symptoms, and functional limitations. He found her credible to the extent consistent with her objectively documented impairments, but not credible specifically to the extent that her doctors reported that she had normal mobility of her spine and pelvis in July 2002 and in September 2003. The ALJ's references to these reports, as well as to certain activities which she could accomplish, demonstrate that the credibility finding is supported by the record and not patently wrong. *See Powers,* 207 F.3d at 435. The discussion is also sufficiently specific to address the concern in *Brindisi,* 315 F.3d at 787, that an adverse credibility determination articulates reasons to support the finding.

In sum, in determining Radford's eligibility for benefits, the ALJ applied the proper analytical methodology and fairly considered and weighed the evidence. The ALJ's decision was based on consideration of: (1) Radford's age, education, and work history; (2) Radford's history of diagnoses, treatment, medications, and evaluations; (3) Radford's own account of her conditions, capabilities, limitations, symptoms and daily routine; and (4) the testimony of Radford and a vocational expert. There was no significant evidence, symptom, complaint, or issue which the ALJ's decision overlooked. Substantial evidence supports the ALJ's findings of fact and identification and assessment of Radford's impairments, and there was no error of law in the manner in which the evidence was evaluated. The ALJ sufficiently articulated his assessment of the evidence to enable the court to "'trace the path of [his] reasoning,'" *Hickman v. Apfel,* 187 F.3d 683, 689 (7th Cir. 1999) (quoting *Rohan v. Chater*, 98 F.3d 966, 971 (7th Cir. 1996)), and there was substantial evidence to support the ALJ's determination that Radford was not disabled as defined in the Act at any time through the date of the ALJ's decision.

### III.  Conclusion

There was no error in the assessment of Radford's applications for DIB and SSI. The final decision of the Commissioner is supported by substantial evidence and is not tainted by legal error. In these circumstances, Radford is not entitled to relief.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/03/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana